**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**J. Mark Coulson**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**P:(410) 962-4953 — F:(410) 962-2985**

September 30, 2026

LETTER MEMORANDUM OPINION AND ORDER TO ALL COUNSEL OF RECORD

RE: *Jackson v. Frank Bisignano, Commissioner of the Social Security Administration*
Civil No. 1:25-cv-03804-JMC

Dear Counsel:

Juivon L. Jackson ("Plaintiff") petitioned this Court on November 20, 2025, to review the Social Security Administration's ("SSA" or "Defendant") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (ECF No. 1). The Court has considered the record in this case as well as the parties' dispositive filings. (ECF Nos. 16, 20, 21). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). The Court must uphold an agency decision if the decision is supported by substantial evidence and was reached through application of the proper legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the case to the SSA for further consideration for the reasons explained below.

## I. Procedural Background

Plaintiff was previously found disabled on January 4, 2002, with an onset date of July 31, 1999. (Tr. 31).[1] Plaintiff's disability was subsequently determined to have continued in a determination dated October 31, 2017. (Tr. 95). On February 7, 2023, the Social Security Administration determined that Plaintiff's disability ceased as of January 25, 2023. (Tr. 95-101). Plaintiff requested reconsideration of the cessation determination on March 21, 2023. (Tr. 154-155). On August 31, 2023, the determination was upheld by a State agency Disability Hearing Officer. (Tr. 188-196). Thereafter, Plaintiff requested a hearing before an Administrative Law Judge. ("ALJ"). (Tr. 197). On April 12, 2024, ALJ Clary Simmonds conducted an in-person hearing where Plaintiff appeared and testified without representation. (Tr. 31). ALJ Simmonds subsequently determined that Plaintiff's disability ended on January 25, 2023, and that Plaintiff has not become disabled again since that date. (Tr. 28-44). Thereafter, Plaintiff requested that the Appeals Council review the decision of the ALJ. (Tr. 263). On September 25, 2025, the Appeals

[1] When the Court cites to "Tr.," it is citing to the official transcript (ECF No. 11) filed in this case. When citing to specific page numbers within the official transcript, the Court is referring to the page numbers provided in the lower right corner of the official transcript pages.

Counsel denied review, rendering the ALJ's decision the final decision of the SSA. (Tr. 1-6).

## II. The ALJ's Decision

In arriving at the decision to deny Plaintiff's claims, the ALJ followed the eight-step sequential evaluation process for the Title II claim and the seven-step evaluation process for the Title XVI claim set forth in the Secretary's regulations. 20 C.F.R. § 404.1594 and 416.994; *see* (Tr. 28-44). As a general summary:

> "At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claimant's impairment is compared to those in the Listing of Impairments [ ]. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability continues. If the claimant's impairment does not meet or equal a listed impairment, the Commissioner proceeds to step three. At step three, the Commissioner determines whether the claimant has experienced any medical improvement; if so, the Commissioner proceeds to step four, and if not, the Commissioner skips to step five. At step four, the Commissioner determines whether the medical improvement is related to the claimant's ability to work; that is, whether there has been an increase in the claimant's residual functional capacity [ ]. If not, the Commissioner proceeds to step five; if so, the Commissioner skips to step six. At step five—by which point the Commissioner has concluded that the claimant has not experienced medical improvement or the medical improvement is not related to the claimant's ability to work—the commissioner considers whether any of the exceptions to the medical exceptions to the medical improvement standard apply. 20 C.F.R. §§ 404.1594(d), (e). At step six, provided the medical improvement is related to the claimant's ability to work, the Commissioner determines whether the claimant's current impairments in combination are severe; if not, the claimant is no longer disabled. If so, the Commissioner proceeds to step seven and assesses the claimant's RFC to determine whether he or she can perform past relevant work experience. If the claimant can perform his or her past relevant work experience, the claimant is not disabled. If the claimant cannot perform past relevant work, however, the Commissioner reaches step eight and considers whether, given the claimant's RFC, age, education, and past experience, the claimant can perform other substantial gainful work."

*Anthony F. v. Comm'r, Soc. Sec. Admin*., No. SAG-22-2771, 2023 WL 7554109 at *2 (D. Md. Nov. 14, 2023) (brackets in original) (quotation omitted).

At step one, for the Title II claim, the ALJ found that Plaintiff had not engaged in substantial activity since October 31, 2017, the date of the comparison point decision ("CPD"). (Tr. 33). For the Title XVI claim, the performance of substantial gainful activity is not a factor used to determine if Plaintiff's disability continues. *Id*.

The ALJ determined that Plaintiff did not develop any additional impairments after the CPD through January 25, 2023. *Id*. The ALJ determined that Plaintiff had the following non-severe

impairments:

> "I note several non-severe impairments: allergic rhinitis, mild obstructive sleep apnea (OSA), hypertension, hyperlipidaemia, and impaired fasting glucose. However, the medical records indicate that these issues are, generally, treated with medications and monitored by his physicians. Furthermore, there is no objective medical evidence of any complications or end organ damage caused by any of these impairments. (Exhibits 5F, 10F, and 11F). Because these impairments cause no more than minimal limitations in functioning, they are nonsevere. Though non-severe, I have considered the associated symptoms from them—along with his severe impairments—in determining his overall residual functional capacity."

*Id*. at 33-34.

At step two for the Title II claim and step one for the Title XVI claim, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart 4, Appendix 1 (20 C.F.R. § 404.1525, 404.1526, and 416.926). *Id*. at 34.

At step three for the Title II claim and step two for the Title XVI claim, the ALJ determined that medical improvement occurred on January 25, 2023. *Id*. at 35. The ALJ found that there had been a decrease in the medical severity of the impairments because Plaintiff had very little medical treatment over the relevant period. *Id*. at 35-36. The ALJ noted that the records showed improvement in both Plaintiff's asthma and obesity. *Id*. at 36.

At step four for the Title II claim and step three for the Title XVI claim, the ALJ determined that Plaintiff's medical improvement is related to the ability work because it has resulted in an increase in Plaintiff's residual functional capacity. *Id*. at 37. Plaintiff's last residual functional capacity, in January 2002, had a finding of a sedentary residual functional capacity, while the residual functional capacity for January 2023 is less restrictive and supports a light exertional capacity since there has been work-related medical improvement. *Id*.

In continuing with the sequential evaluation process, the ALJ further reasoned that Plaintiff's impairments have continued to be severe. *Id*.

The ALJ determined that Plaintiff has no past relevant work and given the entire record, Plaintiff's residual functional capacity ("RFC") is as follows:

> "After careful consideration of the entire record, I find that beginning on January 25, 2023, the claimant has had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: cannot climb ladders, ropes or scaffolds; must avoid concentrated exposure to fumes, dusts, odors, gases, poor ventilation, other pulmonary irritants, extreme temperatures, wetness, and humidity."

*Id*. at 35, 38.

At the final step for the Title II and XVI claim, the ALJ determined, by considering Plaintiff's age, education, work experience, and RFC, that since January 25, 2023, Plaintiff was capable of making "a successful adjustment to work that existed in significant numbers in the national economy." *Id.* at 38. The ALJ determined that Plaintiff could perform the following jobs: (1) a Picker Packer (DOT #529.687-186), unskilled (SVP 2), light exertion, 29,000 jobs nationally; (2) a Garnisher (DOT #524.687-014), unskilled (SVP 2), light exertion, 45,000 jobs nationally; and (3) Bakery Worker (DOT #524.687-022), unskilled (SVP 2), light exertion, 21,000 jobs nationally. *Id.* Accordingly, the ALJ concluded that Plaintiff's disability ended on January 25, 2023, and the claimant has not become disabled again since that date. *Id.* at 39.

## III. Legal Standard

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through an application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, . . . [which] consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (other citation and internal quotations omitted). In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## IV. Analysis

Plaintiff argues on appeal that the ALJ's conclusions are "unreviewable and unsupported by substantial evidence because the ALJ did not apply the proper legal standards" when assessing Plaintiff's RFC. (ECF No. 16 at 9). For the reasons that follow, the Court agrees. As such, I will remand the case.

### A. The ALJ's RFC Determination Must be Supported by Substantial Evidence, i.e. a Function-by-Function Assessment

"An RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a 'regular and continuing basis.'" *Rodney M. v. Kijakazi*, No. CDA-23-0947, 2024 WL 1097192, at *3 (D. Md. Mar. 13, 2024) (quoting 20 C.F.R. § 416.945(b)–(c)). The ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work" in determining a claimant's RFC. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "An ALJ's RFC assessment must include an evaluation of the claimant's ability to perform the physical functions listed in 20 C.F.R. § 404.1545(b), including sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions . . . [that] may reduce [a claimant's] ability to do past work and other work." *Rodney M.*, 2024 WL 1097192, at *3 (internal citation omitted). As previously explained by the Fourth Circuit, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Dowling v.*

*Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (quoting *Thomas*, 916 F.3d at 311). Thus, "a proper RFC analysis proceeds in the following order: (1) evidence, logical explanation, and conclusion." *Id.* at 388 (cleaned up). The Fourth Circuit has rejected "a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis," nevertheless, "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636; *see also Monroe*, 826 F.3d at 188. A "necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling, including a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Monroe*, 826 F.3d at 189 (citing *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)); *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) ("In other words, the ALJ must *both* identify evidence that supports his conclusion *and* build an accurate and logical bridge from [that] evidence to his conclusion.") (internal quotation omitted) (emphasis in original). Indeed, "the driving consideration is whether the ALJ's analysis allows for meaningful judicial review," *Lail v. Kijakazi*, No. 21-2133, 2022 WL 1711809, at *1 (4th Cir. May 27, 2022). "Thus . . . remand is appropriate only where 'inadequacies in the ALJ's analysis frustrate meaningful review,' such as when an ALJ fails to assess a claimant's capacity to perform relevant functions or does not resolve material disputes in the record." *Delesline-Meggett v. Comm'r of Soc. Sec.*, No. 21-1859, 2023 WL 8230802, at *1 (4th Cir. Nov. 28, 2023).

B. The ALJ Failed to Conduct a Function-by-Function Assessment as Set Forth by Social Security Ruling 96-8p

As an initial matter, Social Security Rulings ("SSRs") "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the SSA. 20 C.F.R. § 402.35(b)(1). Though an ALJ need not refer to an SSR in his or her opinion, the ALJ's decision must be based upon proper application of the correct legal standards supported by substantial evidence. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020). Relevant here, SSR 96-8p provides that:

> "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy."

A function-by function assessment is required where a function is "critically relevant" to determining a claimant's disability status. *Dowling*, 986 F.3d at 389. Thus, remand is appropriate when the ALJ fails to perform such an analysis. *See Venkata P. v. Commissioner, Soc. Sec. Admin*., No. SAG-23-2103, 2024 WL 2273565, at *4 (D. Md. May 20, 2024) (remanding where an ALJ failed to explain how the claimant could fulfill each of the implicit exertional requirements of sedentary work). For example, in *Kenneth L. v. Bisignano*, the Court recognized that "whether Plaintiff can carry out the exertional requirements (i.e. lifting/carrying, standing, walking, sitting, pushing, and pulling) of light work is critically relevant to determining Plaintiff's disability status."

No. DRM-CV 962-7770, 2025 WL 2781547 at *3 (D. Md. Sept. 29, 2025). There, the court remanded the case because the ALJ "was required to show how the light work category accurately accounted for Plaintiff's abilities, by demonstrating how the evidence supports a finding that the Plaintiff can fulfill *each* of the implicit exertional requirements of light work." *Id*. (emphasis added). The Court found that the ALJ's references to Plaintiff's symptoms in his analysis did not "equate to the function-by-function assessment called for in SSR 96-8p." *Id*.

As Plaintiff here points out, the ALJ did not conduct a function-by-function assessment of the RFC's exertional functions – namely, sitting, standing, walking, lifting, carrying, pushing, and pulling. *See* (Tr. 28-44). While the ALJ details Plaintiff's symptoms and relevant medical treatment, Tr. 36-38, he does not assess Plaintiff's ability to perform and sustain *any* of the above-mentioned functions, "singly or in combination." (ECF No. 16 at 12) (emphasis added); *see e.g.*, *Jon S. v. Kijakazi*, No. ADC 22-2513 (D. Md. Aug. 15, 2023) (explaining that a function-by-function assessment is not the same as an assessment of the intensity and persistence of Plaintiff's symptoms); *Nancy G. v. Kijakazi*, No. GLS 20-3440, 2022 WL 363824, at *4 (D. Md. Feb. 4, 2022) (remanding because the ALJ used a symptom evaluation approach in calculating a claimant's RFC). For example, the ALJ determined that Plaintiff's statements concerning the "intensity, persistence and limiting effects of his asthma and obesity were not entirely consistent with the objective medical and other evidence." (Tr. 35). The record reflects the ALJ's consideration of the relevant medical evidence as he determined that Plaintiff's records showed "minimal symptoms from his asthma" and "no suggestion that his obesity caused or exacerbated any related impairments." (Tr. 36). Nevertheless, the ALJ erred by concluding that Plaintiff could perform light work, 20 CFR 404.1567(b) and 416.967(b), without conducting "a complete assessment of exertional functions as required by a proper function-by-function analysis." *Henderson v. Kijakazi*, No. AAQ-20-3346, 2022 WL 1555408, at *2 (D. Md. May 17, 2022).

## V. Conclusion

In sum, the Court agrees with the Plaintiff that the ALJ failed to adequately explain Plaintiff's RFC. In other words, the ALJ's determination that Plaintiff can perform light work is not supported by substantial evidence for the reasons explained above. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED and REMANDED for further proceedings. The Clerk of the Court is accordingly asked to CLOSE this case.

Despite the informal nature of this letter, it is an Order and Opinion of the Court, and the Clerk is directed to docket it as such.

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge